## Calabro et al. v. Graves

*Becker & Matkoff*, for plaintiffs.

*E. C. Cole*, for defendant.

*J. B. Martin*, for additional defendant.

OLIVER, P. J., November 12, 1948.—These proceedings arise out of a collision on September 28, 1946, between an automobile operated by plaintiff Joseph Calabro, in which plaintiff Nedra Marenbach was a passenger, and an automobile operated by defendant Wesley K. Graves. The complaint was filed on February 19, 1948. On March 16, 1948, defendant filed an answer and a counterclaim against Calabro, driver

plaintiff, alleging that the accident was due entirely to his negligence.

On March 22, 1948, defendant issued a writ to join Calabro as an added defendant, and subsequently served him with a complaint for joinder as an additional defendant in the actions brought against defendant by the passenger in Calabro's car and her husband.

Defendant's oversight in joining Calabro as an additional defendant, without first having plaintiffs' cases severed under the Rules of Civil Procedure, was brought to light by the office of the trial commissioner when the case was ordered down for trial. Defendant then obtained a rule to show cause why defendant should not be granted leave to file his petition nunc pro tunc to sever plaintiff's cases and to have such severance granted.

Plaintiff and proposed additional defendant, Calabro, also obtained a rule to show cause why he should not have leave to file preliminary objections nunc pro tunc to the issuance of the writ joining him as additional defendant and to the complaint for joinder, and why such preliminary objections should not be sustained.

Both parties had obviously slept upon their rights until the prescribed time to act had expired. In that regard there is nothing which should weigh the scales of justice in favor of one as against the other. It seems proper to this court that the essential rights of the parties should be adjudicated as though such readily understandable lapses had not occurred.

Defendant contends that *all* the issues cannot fairly be decided unless he is given permission to sever plaintiff's claims nunc pro tunc. We agree with him and see no substantial reason for not granting the permission he desires.

Plaintiff Calabro relies upon the case of Slater et al. v. Cabot Paper Stock Co. et al., 63 D. & C. 55, which

appears to hold that, in view of the counterclaim and the averment of Calabro's sole responsibility, all the issues can be tried without severance and joinder of Calabro as an additional defendant. It seems to this court, however, that in such event the jury will *not* have before it the question of whether plaintiff passenger can recover from plaintiff Calabro, the driver of the car in which she was riding. Therefore, two trials would be necessary even if a severance is not granted, and there may be conflicting verdicts.

Defendant appears to us to be entitled to a severance, so that the jury will not find a verdict against him merely because it feels sympathetic to the innocent passenger, and concludes that the latter should recover from "someone". If the matters come before the jury, without a severance and joinder of Calabro as additional defendant, that "someone" could only be defendant. Therefore, in our opinion a severance should be granted in order to avoid serious prejudice to defendant's rights.

Accordingly, we made absolute defendant's rule for severance nunc pro tunc. We also granted the additional defendant Calabro leave to file preliminary objections to the writ joining him as an additional defendant and to the complaint for joinder against him as an additional defendant and, treating said preliminary objections as having already been filed, entered an order dismissing said preliminary objections.